1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3    Christopher M. Williams,                    Case No.: 2:23-cv-00631-JAD-NJK

4         Plaintiff
                                                 **Order Denying Motions
5    v.                                            for Injunctive Relief**

6    State of Nevada, et al.,                     [ECF Nos. 33, 35, 41]

7         Defendants

8         Pro se plaintiff and Nevada inmate Christopher M. Williams brings this civil-rights action

9    under 42 U.S.C. § 1983.  After screening, Williams was left with three narrow First Amendment

10   claims: (1) that Lovelock Correctional Center law-library supervisor Dawn Bequette, Associate

11   Warden Kara LeGrand, and three correctional officers interfered with his ability to send and

12   receive mail between July and December 2021; (2) that Bequette and unnamed Lovelock

13   mailroom staff denied his right of access to the courts from August to September of 2021 by not

14   processing his application for leave to proceed *in forma pauperis* on his Ninth Circuit habeas

15   case; and (3) that Bequette, LeGrand, unnamed mailroom staff, and five additional corrections

16   officers retaliated against him on December 12, 2021, for exercising his First Amendment

17   rights.[1]

18        Williams has filed three motions for injunctive relief.[2]  Despite the narrowness of his

19   claims and the short list of defendants, Williams asks for the court for a wide and comprehensive

20   _____

[1] ECF No. 17 (order screening amended complaint).

21
[2] ECF Nos. 33, 35, 41.  Although ECF No. 33 is titled "Motion for Enlargement of Time," it
22   seeks injunctive relief.   To the extent that it also seeks "time to adequately find an attorney to
     assist in naming all the defendants involved in this action, as well [as to] file a second amended
     complaint," the request is denied.  The plaintiff has not been given leave to file a second
23   amended complaint, and the court will not delay this action that plaintiff himself has filed to
     permit him time to find counsel.

1 list of items, action, and awards for and against nearly everyone in the Nevada state corrections

2 system.  He asks the court to compel prison officials and employees at numerous institutions

3 across the state of Nevada to perform various acts for him and supply him with copies of

4 documents and assorted information; to order the prison system to change or provide widescale

5 exceptions to prison-operations policies and procedures (like telephone use, mail protocol, and

6 lockdown procedures, for example) for Williams on an ongoing basis; to join dozens of prison

7 officials as defendants in this case; to order that Williams be given a long list of canteen items

8 "as a gesture of good faith" and to "compensate him" for his constitutional injuries; and to

9 verify, validate, and revive all the prison grievances he's ever filed.  Because Williams has not

10 made the showing necessary to obtain injunctive relief, and his requests far exceed the scope of

11 his case and the power of this court, his motions are denied.

12 **Analysis**

13 **A.    Injunctive relief is an extraordinary remedy that must be narrowly tailored
   to the plaintiff's specific claims and requires a showing of likelihood of success**
14 **on the merits.**

15        Restraining orders and preliminary injunctions are "extraordinary remed[ies] never

16 awarded as of right."[3]  The Supreme Court clarified the standard for such equitable relief in

17 *Winter v. Natural Resources Defense Council, Inc.*, instructing that the plaintiff "must establish

18 that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

19 absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

20 [or restraining order] is in the public interest."[4]  The Ninth Circuit also recognizes an additional

21 standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a

22

23 [3] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[4] *Id*. at 20.

1  lesser showing than likelihood of success on the merits—then a preliminary injunction may still

2  issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter*

3  factors are satisfied.'"[5]

4      A plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining

5  the status quo during litigation—bears a "doubly demanding" burden: "[he] must establish that

6  the law and facts clearly favor [his] position, not simply that [he] is likely to succeed."[6]  The

7  Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should

8  not issue in doubtful cases."[7]  And the Prison Litigation Reform Act (PLRA) similarly instructs

9  that any restraining order or preliminary injunction granted with respect to prison conditions

10 "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

11 requires preliminary relief, and be the least intrusive means necessary to correct that harm."[8]

12 Injunctive relief is also not appropriate for seeking compensation or a type of ultimate relief that

13 is only available through succeeding at trial because "[t]he purpose of a preliminary injunction is

14 merely to preserve the relative positions of the parties until a trial on the merits can be held."[9]

15 **B.    Williams has not met his burden to obtain injunctive relief.**

16     Williams's motions are mainly just lists of demands.[10]  They lack any meaningful

17 discussion of the merits of the claims that this court has permitted to go forward.  So Williams

18 has not satisfied his burden of showing any likelihood of success on the merits of any of his

19

20 [5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

21 [6] *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

22 [7] *Id*. (cleaned up).

[8] 18 U.S.C. § 3626(a)(2).

23 [9] *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

[10] *See* ECF Nos. 33, 35, 41.

1 claims, which is the gateway element for obtaining the extraordinary and rarely granted remedy

2 of pretrial injunctive relief.  Williams's failure to demonstrate a likelihood of success on the

3 merits of his claims is fatal to all of his pending injunctive-relief requests.

4        Importantly, Williams's claims are very narrow.  They seek redress for First Amendment

5 violations involving access to the courts, sending and receiving mail, and retaliation at distinct

6 times in 2021 by about a dozen employees at the Lovelock Correctional Center only.  Yet the

7 relief that Williams seeks goes far beyond that conduct, those claims, and those defendants.  For

8 example, he asks in his motion filed at ECF No. 33 for this court to "order everyone employed

9 at" the Ely State Prison "to cease all retaliatory conduct against everyone housed" at that facility

10 and to "investigate every prison official[']s name that was in every grievance" filed there or at

11 the High Desert State Prison.[11]  In his motion filed at ECF No. 35, Williams says that he wants

12 injunctive relief against "everyone employed by the" Nevada Department of Corrections

13 (NDOC) and asks this court to, among other things, "order every caseworker" at the Ely State

14 Prison "assigned to handle" his grievance complaints "to reinstate" all of his grievances and

15 "accept full responsibility for every AR339 claim alleged in each grievance."[12]   He also wants

16 "adequate medical care/treatment by giving" him "his labwork blood test and x-ray results

17 administered at" the High Desert and Ely facilities.[13]

18        But Williams hasn't shown that these demands are related to his narrow claims, and

19 federal courts lack authority to grant pre-trial injunctive relief for issues that are not sufficiently

20 related to the underlying claims.  As the Ninth Circuit explained in *Pacific Radiation Oncology,*

21

22 [11] ECF No. 33 at 6.

23 [12] ECF No. 35 at 2.

[13] *Id*. at 3.

1    *LLC v. Queen's Medical Center*, "there must be a relationship between the injury claimed in the

2    motion for injunctive relief and the conduct asserted in the underlying complaint" and "[a]bsent

3    that relationship or nexus, the district court lacks authority to grant the relief requested."[14]  Plus,

4    the PLRA prohibits courts from attempting to micromanage prison administration or ordering

5    "relief that would require for its enforcement the continuous supervision by the federal court of

6    the conduct of state officers."[15]  So even if Williams had demonstrated a likelihood of success on

7    the merits of any of his claims, this court would not be able to grant him the wide-ranging relief

8    he's asking for.

9    **C.    Williams's demands go beyond maintaining the pretrial status quo.**

10        Yet one more problem with Williams's requests is that they go beyond simply

11   maintaining the status quo during this litigation.  His longest list of asks is found in his motion at

12   ECF No. 41, in which he demands various things including for the court to supply him with "the

13   actual physical address, telephone number, and email contact information" for a long list of

14   lawyers whom he'd like to take his case, including Ben Crump.[16]  He wants the NDOC Director

15   and the Ely State Prison warden to provide him with 30 "official typed letters to mail to

16   numerous friends, family members, websites, business, and etc., stating that if they ever received

17   negative correspondence allegedly from" Williams that he "is not the author of such ignorance,

18   or stupidity," and that "the prison officials responsible for such misconduct" are "under

19   disciplinary review to be sanctioned."[17]  And he wants the court to order that he be given "as a

20

---

21   [14] *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636–37 (9th Cir. 2015).

22   [15] *Armstrong v. Brown*, 768 F.3d 975, 983 (9th Cir. 2014) (internal quotations and citations omitted).

23   [16] ECF No. 41 at 3.

     [17] *Id.*

gesture of good faith" and to compensate him for his "mental anguish" a long list of canteen items that includes a TV, headphones, and new clothes.[18]  Williams has in no way shown that he is entitled to such mandatory injunctive relief here.

**D.      Injunctive relief is not the right procedure for much of what Williams demands.**

Finally, to the extent that Williams asks in these motions for the court to make changes to the scope of his claims, to provide copies of documents, or to compel the production of documents, a motion for injunctive relief is the wrong vehicle for those asks.  For example, Williams's tenth demand in his motion at ECF No. 41 asks the court to "add" a list of dozens of "prison officials['] names in their individual/official capacity as defendants . . . to this 42 U.S.C. § 1983 civil complaint."[19]  But a request to amend a complaint to add new defendants needs to be filed as a proper, separate motion for leave to amend under Federal Rule of Civil Procedure 15(a), with a complete proposed amended complaint attached as required by this court's local rule 15-1, as Williams has previously been advised.[20]  And if Williams wants "a new civil case number to pursue" prison officials at High Desert and Ely, as he requests in his ninth demand in that same motion,[21] he'll have to file an appropriate new complaint in a new case with a new *ifp* application.  As for his various demands for copies of his grievances and other documents, to the extent that those documents are relevant to the limited claims he has been permitted to pursue in this case, he will need to prepare and propound appropriate discovery requests in accordance with the discovery rules.  Otherwise, those items are not available in this litigation.

---

[18] ECF No. 35 at 3.

[19] ECF No. 41 at 7.

[20] *See* ECF No. 32 (order denying motion to file second amended complaint).

[21] *Id*. at 6.

**Conclusion**

Because Williams has not satisfied his burden to obtain the extraordinary remedy of injunctive relief, and his requests far exceed the scope of this court's power in this case, IT IS ORDERED that **Williams's motions at ECF Nos. 33, 35, and 41 are DENIED.**

Dated: July 11, 2025

_____
U.S. District Judge Jennifer A. Dorsey